Filed 5/13/15  P. v. Thomas CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062283 |
| v. | (Super.Ct.No. FSB056656) |
| KEITH W. THOMAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Keith W. Thomas filed a petition for resentencing pursuant to Penal Code section 1170.126.[1]  The court denied the petition.  After counsel

---

[1] All further statutory references are to the Penal Code.

1

filed the notice of appeal, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case and identifying two potentially arguable issues: 1) whether the sentencing court properly corrected the abstract of judgment and sentencing minute order to accurately reflect fines and fees which it had orally imposed at sentencing two weeks earlier; and 2) whether the sentencing court violated the provisions of section 654 by imposing separate terms for the two counts of which defendant was convicted. We affirm.

## FACTS AND PROCEDURAL HISTORY

On June 28, 2010, defendant pled guilty to voluntary manslaughter (count 2; § 192, subd. (a)) and attempted murder (count 3; §§ 664/187, subd. (a)). Defendant additionally admitted that as to count 2 he personally used a firearm (§ 12022.5, subd. (a)(1)) and committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). As to the count 3 offense, defendant admitted the truth of an allegation he personally used a firearm (§ 12022.53, subd. (b)). In return, the count 1 offense of murder (§ 187, subd. (a)) and attached enhancements were dismissed.

On August 20, 2010, the court sentenced defendant, pursuant to his plea agreement, to an aggregate, determinate term of 36 years eight months incarceration consisting of the following: 1) the aggravated term of 11 years on count 2; 10 years consecutive on the personal use enhancement; 10 years consecutive on the gang enhancement; one-third the midterm of seven years, two years four months consecutive,

2

on count 3; and one-third the midterm of 10 years, three years and four months consecutive, on the personal use enhancement.

The court orally imposed a restitution fine in the amount of $250 each pursuant to sections 1202.4 and 1202.45, "the latter restitution fine being stayed pending successful completion of the defendant's term of imprisonment and parole." The court ordered "actual restitution to the Victim's Compensation Board pursuant to Penal Code section 1202.46 in the amount of $9,124."

The clerk who prepared the original minute order and abstract of judgment from sentencing neglected to reflect the imposition of the fines. The clerk shortly thereafter corrected the minute order and abstract of judgment to reflect imposition of the fines.[2]

On September 10, 2014, defendant filed a petition for recall of sentence and resentencing maintaining "petitioner qualifies for resentencing under [] section 1170.126." On October 15, 2015, the court denied the petition finding defendant ineligible for resentencing both because his commitment offenses rendered him ineligible and because the sentencing court sentenced defendant to a determinate term of incarceration. On November 5, 2014, defendant filed a notice of appeal specifying he appealed from the finding that he was ineligible for resentencing pursuant to section 1170.126.

---

[2] The "corrected" abstract of judgment bears both the dates September 3, and 13, 2010.

3

DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues. (See *In re Dixon* (1953) 41 Cal.2d 756, 759 [Defendants cannot raise issues on subsequent petition which could have been raised upon timely appeal from the judgment]; same *In re Waltreus* (1965) 62 Cal.2d 218, 225; same *In re Reno* (2012) 55 Cal.4th 428, 452; Cal. Rules of Court, rule 8.308(a) [Defendant must file an appeal from sentence within 60 days of rendition of judgment.]; see *Teal v. Superior Court* (2014) 60 Cal.4th 595, 598 [Scope of appeal from section 1170.126 denial is limited to resentencing issues.]; *People v. Scott* (2012) 203 Cal.App.4th 1303, 1324 [Clerical errors such as discrepancies between oral pronouncement and abstract of judgment are correctable at any time.].)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

HOLLENHORST
Acting P. J.

McKINSTER
J.

4